## Martin Ringdahl, Defendant in Error, v. William O. Johnson, Receiver, Plaintiff in Error.

### Gen. No. 6,326.     (Not to be reported in full.)

Error to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 9, 1917.

### Statement of the Case.

Action by Martin Ringdahl, plaintiff, against W. O. Johnson, receiver of the Chicago & Milwaukee Electric Railroad Company, a corporation, defendant, to recover damages for personal injuries resulting from being struck by defendant's street car. From a judgment for plaintiff for five hundred dollars, defendant brings error.

BULL & JOHNSON and CHARLES H. KING, for plaintiff in error.

BOWEN W. SCHUMACHER, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 135*—*when question whether failure to look for approaching street car is contributory negligence is for jury.* Failure to look for the approach of a street car at a crossing is not to be considered negligence as a matter of law and does not necessarily bar a recovery, and the question whether the plaintiff is guilty of contributory negligence is one for the jury.

2. STREET RAILROADS, § 94*—*when traveler has right to assume that speed ordinance will be obeyed.* Where an ordinance requires a street car approaching a street crossing to be under the complete

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

control of the motorman as to speed, a traveler at the crossing has the right to assume that the ordinance would be obeyed.

3. STREET RAILROADS, § 135*—*when question whether pedestrian crossing track is guilty of contributory negligence is for jury.* In an action for personal injuries sustained while the plaintiff was about to cross a street car track in the business district of a town where the tracks of a steam railroad company were located about one hundred feet away, and where just before the plaintiff was struck by the car in question, which was going at the rate of twelve to fifteen miles an hour, his attention was suddenly directed to a bell ringing on the gate tower of the railroad, and he for an instant looked in that direction and did not see the street car, and where there was an ordinance requiring the street car to be under complete control of the motorman as it approached street crossings, *held* that the question as to whether the plaintiff was guilty of contributory negligence was one for the jury, and that the judgment for plaintiff should be affirmed.